**SLUTES SAKRISON & ROGERS, P.C.**
**ATTORNEYS AT LAW**
**4801 E. BROADWAY BLVD., SUITE 301**
**TUCSON, ARIZONA 85711**
**Telephone: (520) 624-6691**
**Fax: (520)791-9632**
Kathleen M. Rogers SBN 016560 (Krogers@sluteslaw.com)

*Counsel for:* Defendant McJab, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

## TUCSON DIVISION

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., <br><br>Plaintiff, <br><br>vs. <br><br>MC JAB, INC., <br><br>Defendant. | NO. **4:13-cv-00056-JGZ** <br><br>**DEFENDANT McJAB, INC.'S MOTION TO SET ASIDE APPLICATION FOR ENTRY OF DEFAULT AND MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING (First Request)** |

Defendant McJab, Inc. ("McJab"), by and through counsel undersigned and pursuant to Rule 55, Fed.R.Civ.P., and Rule 7.3, LRCiv, moves for an Order setting aside the Application for Default filed yesterday by Plaintiff Lehman Brothers Holdings, Inc. ("Lehman") on the grounds that McJab's failure to file a timely responsive pleading was based upon excusable neglect. Additionally, McJab moves for an Order allowing McJab to

file a responsive pleading on or before May 31, 2013. McJab's position is supported by the attached Memorandum of Points and Authorities, and by the affidavit of Kathleen M. Rogers, which are incorporated herein by reference.

RESPECTFULLY SUBMITTED this 16th day of May, 2013.

SLUTES SAKRISON & ROGERS, P.C.

By: */s/ Kathleen M. Rogers*
Kathleen M. Rogers
Attorney for McJab, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Motion to Set Aside Application for Entry of Default**

*A.      Procedural History*

On or about January 24, 2013, Lehman filed a Complaint against McJab alleging claims of breach of contract, breach of express warranty and breach of the covenant of good faith and fair dealing arising from a Broker Agreement that McJab had entered into with First Magnus Financial Corporation ("FMFC,") on or about July 20, 2005. (Dkt. # 1). FMFC subsequently assigned the Broker Agreement to Lehman. (Id.) McJab's statutory agent was served with the Complaint on or about March 3, 2013. (Dkt. # 9).

On or about March 12, 2013, the Complaint was provided to McJab's insurance carrier, who then retained the California law firm of Gordon & Rees, LLP, to find counsel in Tucson to defend McJab. (*See* Affidavit of Kathleen M. Rogers, attached as Exhibit "A.") Bryan A. McBurney, Esq., an attorney with Gordon & Rees, LLP contacted the

undersigned on May 14, 2013 to ask if she was willing to understake the defense of McJab. (Id.) The undersigned agreed and on May 14, 2013, sent an engagement letter to Mr. John Smyth, President of McJab. (Id.) The undersigned was provided with a copy of the Summons & Complaint, but not with any other pleadings. (Id.)

Also on May 14, 2013, the undersigned called and spoke with Mr. Christopher Berry, counsel for Lehman, to inform him that she would be defending McJab in this case. (Id.) The undersigned had worked with Mr. Berry in another litigation several years ago. (Id.) Mr. Berry did not mention that the Answer was past-due, nor did he mention that Lehman planned on filing an application for default. (Id.) The undersigned then began reviewing the Complaint in detail to determine what responsive pleading would be appropriate. (Id.)

On May 16, 2013, the undersigned had her legal assistant pull the docket in this matter to determine when McJab was served so that time for filing a responsive pleading could be calendared. (Id.) It was at that time that the undersigned learned that an Application for Default (Dkt. # 11) had been filed the day before. (Id). Despite informing Mr. Berry that she would be representing McJab, McJab was not provided with a copy of the Application for Default. (Id.) Undersigned placed a call to Ms. Laura M. Martinez, co-counsel for Lehman, but at the time of filing this Motion, has not received a call back. (Id.)

*B.     Legal Argument*

At the time of filing this Motion, the Clerk has not entered a default against McJab. McJab is therefore requesting that the Application for Default be denied. (If, however, the

3

default is entered before the Court has time to consider this Motion, McJab respectfully requests that the Motion be construed as a Motion to Set Aside the Entry of Default). McJab has "good cause" for failing to timely file an answer or responsive pleading. *See, e.g.,* Rule 55(c), Fed. R.Civ.P. The factors to be considered in determining whether a defendant has "good cause" to preclude the entry of default (or set aside a default already entered) include:

    (1)    whether the defaulted party engaged in culpable conduct that led to the default;

    (2)    whether the other party would suffer prejudice as a result of setting aside the entry of default or default judgment; and

    (3)    whether the defaulted party has a meritorious defense.

*See, e.g., Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004). Whether a party has shown the requisite "good cause" is within the sound discretion of the trial court. *See Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). In analyzing the three enumerated "good cause" factors, it is clear that McJab has good cause to preclude the entry of default.

    1.    <u>McJab's conduct was not "culpable"</u>

"Culpable" conduct sufficient to support a denial of a motion to set aside the entry of default must be "intentional:"

> [n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily … culpable or inexcusable.

4

*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697-98 (9th Cir. 2000).

In this matter, McJab, a California corporation, was served with process via its statutory agent. (Dkt. # 9). Based on the limited information the undersigned has received thus far, McJab tendered its defense to its insurance carrier on or about March 12, 2013. For reasons which the undersigned has not been able to determine, the insurance carrier did not contact Gordon & Rees, LLP until late April, 2013. (*See* Exhibit "A"). At that time, Gordon & Rees, LLP apparently began its search for local counsel to defend McJab in this Tucson action. (Id.) The delay in finding Tucson counsel was not the fault of McJab. The very day the undersigned agreed to undertake the defense of McJab, she contacted Lehman's counsel and told him of her involvement. There is certainly no intent on the part of McJab to take advantage of Lehman, to interfere with judicial decision-making or to manipulate the legal process. McJab's only "fault" is to wait for its insurance carrier to assign counsel. That is certainly not "culpable" conduct justifying entry of default, especially given the relatively short time between when a responsive pleading would have been due (on or around March 25, 2013) and today.

### 2. Lehman will suffer no prejudice.

The second factor to consider is whether the opposing party, Lehman, will suffer any prejudice if its Application for Entry of Default is denied. The answer is "no." The standard in determining whether the opposing party will be prejudiced is "whether [the non-movant's] ability to pursue [its] claim will be hindered." *TCI Group Life Ins. Plan*, 244

F.3d at 701. Merely being forced to litigate the case on the merits is not considered prejudicial. *See id.* This matter is just beginning. Just over two months has passed since Lehman served the Summons and Complaint. Any "delay" will <u>not</u> "result in loss of evidence, create increased difficulties of discovery, or provider greater opportunity for fraud and collusion." *Apache Nitrogen Prods., Inc. v. Harbor Ins. Co.*, 145 F.R.D. 674, 682 (D.Ariz.1993)(citation omitted). Lehman will suffer no prejudice.

      3. <u>Upon information and belief, McJab has meritorious defenses</u>.

  The undersigned counsel was retained two days ago. She has not had time to adequately analyze all meritorious defenses that may be applicable to this claim. However, even on the face of the Complaint, there appears that there may be defenses related to the statute of limitations since the brokerage agreement was allegedly breached more than six (6) years ago. *See* A.R.S. § 12-548 (setting a 6-year statute of limitations for "contracts in writing for debt").[1] In addition, McJab asks that this Court take judicial notice that Lehman has filed nearly identical complaints alleging the same sort of breaches against other brokers, such as Case No. 4:13-cv-00045-JGZ, Case No. 4:13-cv-00054-RCC, Case No. 4:13-cv-00057-LAB, Case No. 4:13-cv-00067-CKJ and Case No. 4:13-cv-00068-FRZ. In those matters in which similarly-situated defendants have filed Answers, defenses such as contributory negligence; the fault of non-parties; failure to mitigate; intervening causes; waiver and estoppel; breach of the implied covenant of good faith and fair dealing on the

---

[1] McJab is not conceding at this point that this is the applicable statute of limitations for all of Lehman's claims, but uses it as an example of one of the longest statutes of

6

part of Lehman; breach of contract by Lehman; *in pari delicto*; unclean hands and laches have been raised. McJab believes that many, if not all, of these defenses will apply in this matter as well. McJab realizes that is required to "present specific facts that would constitute a defense." *See TCI Group Life Ins. Plan*, 244 F.3d at 700. Given that counsel was retained two days ago, however, McJab respectfully requests that it be allowed to present such defenses, as have other broker-defendants, in its responsive pleading(s); "neither the purpose of Rule 55(c) nor the interest of justice would be served by denying Defendant's motion and entering default…" *FOC Financial Limited Partnership v. National City Commercial Capital Corporation*, 612 F.Supp.2d 1080, 1084 (D.Arizona 2009)(citations omitted).

    *C.    Conclusion*

Because McJab's conduct was not "culpable," Lehman will suffer no prejudice and McJab, upon information and belief, has meritorious defenses, McJab respectfully requests that Lehman's Application for Entry of Default be denied or, if default is entered in the meantime, that said default be set aside. This matter should proceed on the merits.

**II.    Motion for Extension of Time to File Responsive Pleading**

On a similar note, pursuant to Rule 7.3, LRCiv., McJab respectfully requests that it be allowed to file a responsive pleading on or by May 31, 2013 and that said pleading not be stricken as untimely. This is the first request for an extension. As explained above, counsel was retained two days ago and needs the additional time to analyze the matter and prepare

limitation in Arizona.

the pleading. The position of the other party is unknown. The undersigned placed calls to Ms. Martinez earlier today but has not received a call back. The good cause for the extension is based upon the procedural history as set forth above.

**III.     Conclusion**

McJab respectfully requests that Lehman's Application for Entry of Default be denied and that McJab be given until May 31, 2013, to file a responsive pleading. Lehman will not be prejudiced thereby. A proposed form of order is attached as Exhibit "B."

DATED this 16th day of May, 2013.

SLUTES SAKRISON & ROGERS, P.C.


By: _____*/s/ Kathleen M. Rogers*_____
    Kathleen M. Rogers
    Attorney for McJab, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2013, I electronically transmitted the attached document to the Clerk's Office for filing using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Daniel K. Calisher, Esq.
Laura M. Martinez, Esq.
FOSTER GRAHAM MILSTEIN & CALISHER LLP
360 South Garfield Street, 6th Floor
Denver, CO 80209
*Co-Counsel for Lehman Brothers Holdings, Inc.*

Christopher J. Berry, Esq.
Katherine R. Branch, Esq.
BERRY & BRANCH, PLLC
2302 N. Third Street
Phoenix, AZ 85004
*Co-Counsel for Lehman Brothers Holdings, Inc.*

                                          */s/ Debra Greer*